1
2
3
4
5                         UNITED STATES DISTRICT COURT

6                              DISTRICT OF NEVADA

7                                    * * *

8   New Amsterdam Project Management
    Humanitarian Foundation,
9
                                      Plaintiff,        2:18-cv-01917-RCJ-EJY
10         v.
                                                        **ORDER**
11  Kevin B. Connolly, et al.,

12                                    Defendants.

13

14         The Plaintiff won a judgment against the Defendants in the United States District Court for

15  the Central District of California. In order to satisfy this judgment, the Plaintiff has had to pursue

16  post-judgment discovery. In one such avenue of discovery, the Central District of California issued

17  a subpoena on T-Mobile USA, Inc. (T-Mobile) with four requests to produce documents stored in

18  Nevada. The first three requests are for the documents associated with Defendant Margaret

19  Laughrin, Defendant Hartford Holding Corporation, and "Regina Trust"[1]. The last request seeks

20  information regarding the Nevada phone numbers associated with Defendant Laughrin. The

21  requested information includes the following:

22         a. Identify the name(s), address(es) and/or email address(es) of the subscriber(s);
           b. Identify the account number assigned to the Nevada Phone Number;
23         c. Relate to payments received by You for the account of this Phone Number;
           d. Relate to the method or means of payments (i.e., credit card, wire transfer, check,
24         etc.) received by You for the account of this Phone Number;
           e. Relate to account statements and invoices issued by You to the subscriber(s);
25         f. Relate to records of phone calls made and received (including local, roaming and
           incoming call records); and
26         g. Relate to numeric (**non-content**) detail records of text messages (including
           SMS), multimedia (including MMS) and other data transmission made and
27

---

[1] Regina Trust is a trust which Defendant Margaret Laughrin is both the settlor and beneficiary.

received (including any IP address assigned for each session or connection, and the date and time the messages were sent and received).

In a meet and confer conference between T-Mobile and the Plaintiff, T-Mobile refused to comply with the subpoena but agreed not to challenge a motion to compel. T-Mobile argued that it cannot legally produce the information, because one of the number's is associated with a California billing address, so California law applies and restricts production. T-Mobile relies on two California statutes for its position. First, California Civil Procedure Code § 1985.3(f) provides: "A subpoena duces tecum for personal records maintained by a telephone corporation which is a public utility . . . shall not be valid or effective unless it includes a consent to release, signed by the consumer whose records are requested, as required by Section 2891 of the Public Utilities Code." Second, California Public Utilities Code § 2891(a) provides in part: "No telephone . . . corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing, any of the following information: (1) The subscriber's personal calling patterns . . . [and] (2) [t]he residential subscriber's credit or other personal financial information . . . ."

The Plaintiff moves this Court to compel T-Mobile to produce the subpoenaed information and documents, and T-Mobile did not respond. The Plaintiff correctly argues that the federal law of subpoenas—not California state law applies. "[I]n federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege." *Kerr v. U.S. Dist. Court for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd,* 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976) (quoting *Heathman v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 1032, 1034 (9th Cir. 1974)).

In fact, a California district court specifically held that the California statutes do not apply to federally issued subpoenas. In *Kaur v. City of Lodi*, AT&T Mobility made a similar argument based on the same two statutes, and the party seeking the production moved to compel compliance with the subpoena. No. 2:14-cv-0828 TLN AC, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016). That court specifically noted that the statutory language is limited to California issued subpoenas. *Id.* California Civil Procedure Code § 1985.3(a) defines subpoena as one that is "issued

or served in connection with any civil action or proceeding pursuant to this code." Therefore, the Court disagrees with T-Mobile's position and grants the Plaintiff's motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Plaintiff's Motion to Compel Compliance re Subpoena (ECF No. 1) is granted.

IT IS FURTHER ORDERED that T-Mobile USA, Inc. shall produce the requested documents within twenty-one days of the filing of this order.

IT IS SO ORDERED.

Dated this 26th day of August, 2019.

_____
ROBERT C. JONES
United States District Judge